UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN CONN,<br><br>             Petitioner,<br><br>  vs.<br><br>MAGGIE MILLER-STOUT,<br><br>             Respondent. | NO. CV-07-191-LRS<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

    BEFORE THE COURT is Petitioner's First Amended Petition (Ct. Rec. 8). Petitioner is proceeding *pro se.* He has paid the filing fee. Respondent has not been served.

    Petitioner is challenging a "misdemeanor warrant" issued by the Lynnwood Municipal Court in and for the County of Snohomish, State of Washington. He claims this warrant is being used to denying him earned good time and to confine him until his maximum release date, at which point he will be released to the county jail to resolve the Detainer/Warrant.

    By Order filed September 20, 2007, the court directed Petitioner to amend his petition to demonstrate he has properly exhausted his state court remedies by pursuing a Personal Restraint Petition. Petitioner contends he has a right to have a direct appeal taken in the U.S. District Court. Petitioner's contention is misplaced.

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 1

This court is precluded from exercising appellate jurisdiction over the decisions of the Washington State Courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)(holding that federal district courts may not exercise appellate jurisdiction over state court decisions); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This rule applies even when the challenge to the state court's action involves federal constitutional issues. *See Feldman*, 460 U.S. at 484-86; *Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986). Therefore, pursuant to the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over Petitioner's claims.

Rather, the proper method by which a person may challenge his present confinement is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973)(if a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies). A petitioner, however, must first properly exhaust his claims in state court and timely file his federal habeas petition. Mr. Conn has failed to demonstrate proper exhaustion.

Accordingly, **IT IS ORDERED** the Petition is **DISMISSED without prejudice** to properly exhaust state court remedies by means of a Personal Restraint Petition.

**IT IS SO ORDERED**. The District Court Executive is directed to

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 2

enter this Order, enter judgment, forward a copy to Petitioner and close the file.

**DATED** this     14th   day of January, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 3